IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Andrea Anchrum and | ) | Case No.: 12-03049-BGC13 |
| Norman Anchrum, Jr. | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Andrea Anchrum and | ) | |
| Norman Anchrum, Jr. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | AP No.: 12-00128-BGC |
| | ) | |
| Wells Fargo Bank, NA; | ) | |
| Federal Home Loan | ) | |
| Mortgage Company | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The matter before the Court is the <u>Motion To Dismiss</u> the pending complaint filed by Wells Fargo Bank, NA ("Wells Fargo") and the Federal Home Mortgage Company ("FHMC"). Docket No 5. A hearing was held on March 6, 2013. Mrs. Catherine Crosby Long, the attorney for the movants; the debtor, Mr. Norman Anchrum, Jr.; the debtors' attorney, Mr. Jerome Tucker; and Ms. Mary Francis Fallaw, an attorney with the Chapter 13 Trustee's office, appeared. The matter was submitted on the pleadings, the record in this case, and the arguments and briefs of counsel. Based on the same, it appears to the Court that the motion should be granted in part and denied in part.

### I. Relevant Facts

Wells Fargo held a mortgage on the debtors' homestead. Pursuant to the power of sale contained in the mortgage, the mortgage was foreclosed and the property was sold at a non-judicial foreclosure sale on November 29, 2011. FHMC purchased the property at the foreclosure sale. After filing their bankruptcy petition on June 28, 2012, the debtors filed the pending adversary proceeding. The defendants seek dismissal of that complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the debtors' complaint fails to state a claim upon which relief may be granted.

## II. Conclusions of Law

### A. Fed. R. Civ. P. 12(b)(6) Dismissal Standards

The standards for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7012(b), are expounded in Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371 (11th Cir. 2010), in light of the tenants established in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The opinion in Speaker includes:

> In Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the United States Supreme Court instructed that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46, 78 S.Ct. at 102. In 2007, the Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), retired Conley's "no set of facts" test in favor of a new formulation of Rule 12(b)(6)'s pleading standard. Id. at 562-63, 127 S.Ct. at 1969.
>
> In Twombly, the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable," and stated that the Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. at 1974. The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S.Ct. at 1964-65. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 556, 127 S.Ct. at 1965 (quotation marks omitted).
>
> Subsequently, in Iqbal the Supreme Court clarified that, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949; see also Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007)("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.")(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965). Given the Twombly and Iqbal plausibility standard, we turn to whether Speaker's Amended Complaint states a claim under the Privacy Act.

2

...

    Moreover, given the pleading standards announced in Twombly and Iqbal, Speaker must do more than recite these statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to "raise a right to relief above the speculative level." Twombly 550 U.S. at 555, 127 S.Ct. at 1965. Accordingly, to state a claim, Speaker must do more than allege that the CDC did not fulfill its record-keeping obligation. Speaker must allege the specific nature of the record-keeping obligation the CDC failed to satisfy.

...

    Furthermore, Plaintiff Speaker has pleaded enough factual content to "nudge[ ] [ his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S.Ct. at 1974. Importantly, Speaker's allegations are not barren recitals of the statutory elements, shorn of factual specificity. See id. at 555, 127 S.Ct. at 1964-65 (stating that "a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (quotation marks and brackets omitted)).

623 F.3d at 1380; 1381; 1384.[1]

## B. The Complaint

The Anchrums' complaint contains four counts.

### 1. Count One – Breach of Contract

    The Anchrums' first count is for breach of contract. It alleges that prior to foreclosure, Wells Fargo failed to give the Anchrums the notice required by paragraph

---

[1] Ordinarily, when analyzing motions to dismiss, courts may only consider the recitations contained in the complaint; documents attached to the complaint; and documents attached to the defendant's motion to dismiss if those documents are referred to in the complaint, and are central to the plaintiff's claims, and their contents are not in dispute. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). If other evidence is considered, the motion must be treated as one for summary judgment and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

3

22 of their mortgage.[2] Paragraph 22 of the mortgage document, which is attached to the defendants' motion to dismiss, required Wells Fargo, as a prerequisite to foreclosure, to provide the Anchrums with a notice stating its intent to accelerate the indebtedness secured by the mortgage if an alleged default was not cured within 30 days.

The factual allegations of the first count of the complaint are: (1) the mortgage required notice of intent to accelerate as a prerequisite to foreclosure; (2) Wells Fargo failed to provide the notice to the debtors; and (3) the foreclosure sale was conducted even though the requisite notice had not been provided to the debtors.

The above allegations, which must be accepted as true for purposes of a 12(b)(6) motion, plainly support a claim for breach of the mortgage contract and for relief in the form of setting aside the foreclosure sale under Alabama law. Jackson v. Wells Fargo Bank, N.A., 90 So.3d 168, 173 (Ala. 2012). The fact that the defendants attached a copy of the notice which they contend satisfied the notice requirement of Paragraph 22 of the mortgage to their motion to dismiss is of no consequence. Factual questions, such as whether that notice was sent, and where it was sent, and whether the Anchrums can be deemed to have received it, cannot be resolved based on the representations made by counsel at the hearing of this matter, and, consequently, remain for resolution either at trial, or before trial on a motion for summary judgment. And unless its authenticity is admitted by the Anchrums, that document must be properly authenticated before it may be considered by the Court as evidence in any subsequent step of this proceeding.

Based on the above, for purposes of the defendants' 12(b)(6) motion, the Court finds that the Anchrums did, in count one, state a claim for breach of contract upon which relief may be granted.

## 2. Count Two – Wrongful Foreclosure

The Anchrums' second count is styled "wrongful foreclosure." To state a claim for wrongful foreclosure under Alabama law, a plaintiff must allege facts which reflect that the defendant used the power of sale in a mortgage for a purpose other than to secure the debt owed by the plaintiff, such as for the purpose of oppressing the plaintiff or of enabling the defendant to acquire the property himself. Jackson v. Wells Fargo Bank, N.A. at 171. In contrast, the Anchrums did not allege, even in a conclusory manner, that Wells Fargo used the power of sale in their mortgage for any purpose other than for what it was intended, that is to secure the repayment by them of the debt they owed to that entity. Similarly, the Anchrums did not describe any facts from which it may be inferred that Wells Fargo used its power of sale for an unintended purpose.

---

[2] See this Court discussion in Sharpe v. Wells Fargo Home Mortg. ( In re Sharpe), 425 B.R. 620, 643 (Bankr. N.D. Ala. 2010) regarding notices required for mortgage foreclosures.

4

In contrast, the Anchrums offered these three statements in support of count two. Those were:

> The defendant foreclosed on plaintiffs although Defendants failed to comply with HAMP as required.
>
> Prior to foreclosure, the defendant failed to give borrowers notice as required by paragraph 22 of the plaintiffs' mortgage.
>
> The defendant otherwise failed to follow the tenants of Code of Alabama 1975 §35-4-150, et. seq.

<u>Plaintiffs Complaint for Wrongful Foreclosure, Breach of Contract, Conversion, Trespass & Fraud, Unjust Enrichment & Breach of Fiduciary Duty</u> at 2-3, A. P. Docket No. 1.

None of those statements satisfy the allegation that Wells Fargo used its power of sale for an untoward purpose, and they do not support an inference that Wells Fargo used its power of sale for a purpose other than to secure repayment of the debt owed by the Anchrums. Consequently, in that regard, the Anchrums failed to state a claim for wrongful foreclosure upon which relief may be granted.

In addition, none of the allegations in count two adequately state any other claim upon which relief can be granted:

1. The statement, "The defendant foreclosed on plaintiffs although Defendants failed to comply with HAMP as required," is wholly conclusory. It is not supported by any facts which indicate what "HAMP" is; or what provisions of "HAMP" were supposedly violated; or what actions of Wells Fargo supposedly violated those unidentified provisions of "HAMP." "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" <u>Resnick v. AvMed, Inc.</u>, 693 F.3d 1317, 1324 (11th Cir. 2012)(quoting <u>Twombly</u>, 550 U.S. at 555).

2. The statement: "Prior to foreclosure, the defendant failed to give borrowers notice as required by paragraph 22 of the plaintiffs' mortgage," merely restates and duplicates the cause of action for breach of contract stated in count one of the complaint. And while, as indicated before, it was sufficient for stating a cause of action for breach of contract, it does not support a cause of action for wrongful foreclosure. <u>Jackson v. Wells Fargo Bank, N.A.</u>, 90 So.3d at 172.

3. The statement: "The defendant otherwise failed to follow the tenants of Code of Alabama 1975 §35-4-150, et. Seq.," is completely conclusory as

5

well. It states no facts at all, much less any which reflect what "tenants" Wells Fargo purportedly failed to follow, or what Wells Fargo did to violate any such "tenants." "The complaint must contain enough facts to make a claim for relief plausible on its face; a party must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Resnick v. AvMed, Inc.</u>, 693 F.3d at 1325 (quoting <u>Iqbal</u>, 556 U.S. at 678). Moreover, Section 35-4-150 of the Alabama Code and the related provisions which succeed it pertain to reformation of deeds and mortgages wherein the legal description of real property is erroneous. Those statues have absolutely no application or relevance to the issues framed by the Anchrums' complaint.

Based on the above, the Court finds that the Anchrums failed, under count two, to state a claim for wrongful foreclosure upon which relief may be granted.

### 3. Count Three – Conversion

The Anchrums third count is styled "Conversion." That count contains one allegation which reads, "The defendant wrongfully exerted control over the plaintiffs property which was inconsistent with and destructive of the plaintiffs title to and right of possession to said real and personal property." <u>Plaintiffs Complaint for Wrongful Foreclosure, Breach of Contract, Conversion, Trespass & Fraud, Unjust Enrichment & Breach of Fiduciary Duty</u> at 3, A. P. Docket No. 1. There are no facts in the complaint to support that statement. The statement does not identify what property the "defendant" supposedly exerted control over, or which "defendant" purportedly exerted control over that unidentified property, or what actions of said "defendant" constituted wrongful control over said unidentified property. Consequently, it is wholly inadequate under <u>Twombly</u> and its progeny to state a cause of action for conversion upon which relief can be granted. <u>Moreover</u>, to the extent that count three seeks to allege a cause of action for <u>conversion of realty</u>, count three fails for another, more basic reason. "[A]n action for conversion will not lie for the taking of real property." <u>Faith, Hope and Love, Inc. v. First Alabama Bank of Talladega County, N.A.</u>, 496 So.2d 708, 711 (Ala. 1986).

Based on the above, the Court finds that the Anchrums failed, under count three to state a claim for conversion upon which relief may be granted.

### 4. Count Four – Trespass

The Anchrums fourth, and final, count is styled "Trespass." This count also fails under <u>Twombly</u> and its progeny, to state a claim for relief upon which relief may be granted. The reason is, count four is void of any factual allegations and merely states the conclusion, "The defendant evaded the plaintiffs property right against the plaintiffs will." The Anchrums do not indicate which "defendant" "evaded" their "property right;" what actions of said "defendant" constituted an "evasion" of their "property right;" or what "property right" was purportedly "evaded" by said "defendant."

6

But even if allowed to stand, the conclusion that "The defendant evaded the plaintiffs property right against the plaintiffs will," is difficult to understand. The common meaning of the word "evade" is "to slip away; to take refuge in escape or avoidance; to elude by dexterity or stratagem; to avoid facing up to; to avoid the performance of; dodge, circumvent; to fail to pay; to avoid answering directly; to be elusive to." Merriam-Webster.com, Merriam-Webster, n.d., Web. 17 Sept. 2013 (http://www.merriam-webster.com/dictionary/evade). Hence, the Anchrums' allegation is literally that Wells Fargo did not tread on their "property rights," but instead did just the opposite, that is, it took care to stay as far away from those "property rights" as it could. And certainly the law recognizes no cause of action for <u>not</u> harming or encroaching on another's property rights.[3]

In contrast, "trespass," under Alabama law, is defined as, " Any entry on the land of another without express or implied authority.' " <u>Central Parking Sys. of Alabama, Inc. v. Steen</u>, 707 So.2d 226, 228 (Ala.1997)(quoting <u>Foust v. Kinney</u>, 202 Ala. 392, 393, 80 So. 474, 475 (1918)). The plaintiffs' statement, "The defendant evaded the plaintiffs property right against the plaintiffs will," bears no relation to that definition and reflects none of the components of the same. For that reason also, the Anchrums' conclusory allegation fails to state a claim for trespass upon which relief may be granted.

Based on the above, the Court finds that the Anchrums failed, under count four, to state a claim for trespass upon which relief may be granted.

### III. Conclusions

The complaint includes four counts. Based on the above, the Court finds that the pending motion to dismiss is due to be denied in part and granted in part. The motion is due to be denied as to count one. The motion is due to be granted as to counts two, three, and four.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: September 23, 2013        /s/Benjamin Cohen
                                 BENJAMIN COHEN
                                 United States Bankruptcy Judge

---

[3] If the plaintiffs intended the allegation to read, "invade," this Court's conclusion would be the same. Invade implies a forceful entry or encroachment to conquest, plunder, or injure. See <u>Merriam-Webster.com</u>, <u>Merriam-Webster, n.d.</u>, Web. 17 Sept. 2013 (http://www.merriam-webster.com/dictionary/inade). <u>Roget's International Thesaurus</u>, Third Edition, includes under "avoidance" the terms "evade, elude, escape, miss, get out of, cheat, circumvent..." (629.7) and under "cunning" lists "outwit, out smart...," and "overreach" and "circumvent." There are no such allegations for any of these terms in the complaint, and none of the sort have been raised at the hearings in this proceeding.